per curiam:
By order of April 4 1978, 216 Ct.Cl. 449, this case, involving the discharge of a federal probationary employee, was remanded to the Trial Division for further proceedings after denial by the court (without prejudice) of the cross-motion for summary judgment. A trial was held and Trial Judge John P. Weise issued (on September 30, 1980) his opinion and findings of fact (which have been supplied to the parties). Plaintiff has sought review of the denial of relief, and defendant has objected to certain parts of the trial judge’s opinion and findings. We have had oral argument and have considered the written submissions.
We need reach only the issues of (1) the judicial review-ability of the decision to discharge Mr. Williams (a probationary employee), and (2) whether Mr. Williams was properly discharged for inefficiency.[1] We agree with the trial judge’s consideration of the first issue (Part I of his "Discussion”) and with his determination that Mr. Williams’ discharge was supported by an objective assessment of inefficiency which was not tainted or warped by any bias on the part of the management. It is unnecessary to consider the other, separate reasons which were given for Mr. Williams’ discharge, and which were considered to *626 some extent by the trial judge. Nor is it necessary to consider defendant’s specific exceptions to the trial judge’s findings.
Because of lack of jurisdiction, neither the trial judge nor we have considered any claims plaintiff (or Mr. Williams) may have or have had under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16(a) et seq. See our prior order in this case, dated April 4,1978. This present order does not prevent plaintiff from pursuing in a proper forum any such claims she may have.
Our conclusion of law is that, so far as this court has jurisdiction to consider the matter, Mr. Williams was properly discharged for inefficiency and plaintiff is not entitled to back pay. Those allegations in the petition that seek monetary redress for tortious conduct or redress under the Civil Rights Act of 1964 are beyond the court’s jurisdiction. The petition is dismissed.

 It is clear that there was no procedural taint to the dismissal.